# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BILLY G. ASEMANI | : Civil Action No. RDB-10-874 |
|     Petitioner | : |
| v. | : |
| MAHMOOD AHMADINEJAD, Former Head of the Iranian Revolutionary Guard Corps in Tehran | : |
| GHOLAM-REZA NAQDI, Brigadier General (Former Senior Tehran Police Official | : |
| ALI KHAMENEI, The "Supreme" Leader of The Islamic Revolution | : |
|     Respondents | : |

ooOOoo

## MEMORANDUM OPINION

On April 8, 2010, Billy G. Asemani, an inmate at the Western Correctional Institution,[1] filed this Complaint pro se for damages and other relief under the Alien Tort Claims Act, 28 U.S.C. § 1350 and the Torture Victim Protection Act of 1991, codified at 28 U.S.C. § 1350, note. The Court will grant Asemani's Motion to Proceed in Forma Pauperis and dismiss the Complaint for lack of jurisdiction.

## BACKGROUND

Asemani, a native of Iran, claims that Defendants' agents detained and tortured him because he is an adherent of the Baha'i faith. Paper No. 16. Asemani emphasizes that he is "NOT seeking jurisdiction over Iran itself." Complaint, p. 18. He notes further that the instant Complaint was filed to satisfy the ten-year statute of limitations under the Torture Victim Protection Act (providing "[n]o action shall be maintained under this section unless it is commenced within ten (10) years after the cause of action arose." 28 U.S.C. § 1350 (note)). Complaint, p. 7.

---

[1] On April 24 2006, Asemani pleaded guilty in the Circuit Court for Howard County to attempted second-degree murder of his wife. He was sentenced to thirty years of incarceration.

Asemani's exhibits show that he was living in the United States when he decided to visit Iran. Exhibit 12. He claims that on July 14, 2000, uniformed Iranian guards detained him at the airport as he tried to leave the county, beat him, hit him on his right leg with a metal bar, and punched him in the stomach while questioning him about his activities. *See id*. Asemani asserts that he sustained a leg injury and recurring psychological problems as a result. Assemani asserts the guards, whose names he does not know, were "service members" under Defendants' command. Complaint, p. 16.

Asemani describes the instant Complaint as the "new and improved" version of the Complaint filed in *Asemani v. Fallahian-Khuzestani, et al.,* Civil Action No. RDB-07- 1816 (D. Md). [2] The earlier case was dismissed without prejudice on July 25, 2007, for *inter alia* lack of factual predicate.

## JURISDICTION

Federal Rule of Civil Procedure 12 (h) (3) provides for dismissal of a case for lack of subject matter jurisdiction. A plaintiff bears the burden of proving subject matter jurisdiction.

### A. Jurisdiction Under the Alien Tort Claims Act

The Alien Tort Claims Act ("ATCA") states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The Torture Victim Protection Act,

---

2 Asemani is a frequent litigator in this Court and others. *See e.g. See Asemani v. Attorney General of the United States, et al.,* 140 Fed. Appx. 368 (3rd Cir. 2005); *Asemani v. Chertoff,* Civil Action No. RDB-05-1773 (D. Md. 2005); *Asemani v. U.S. Bureau of Immigration and Customs Enforcement*, Civil Action No. RDB-05-987 (D. Md. 2005); *Asemani v. Rice*, 2005 WL 1903560 (D.D.C. 2005); *Asemani v. Ridge, et al.*, 2004 WL 2244542 (E.D. Pa. 2004); *Asemani v. Ridge, et al.*, 2004 WL 834729 (E.D. Pa. 2004); *see also* Civil Actions No. RDB-1834; 2821; 07-663;07-615; 2969; 07-2586; 08-1591; 08-2618; 08-2952;08-

passed in 1991 and appended as a statutory note to the ATCA at 28 U.S.C. § 1350, creates a cause of action for damages against "[a]n individual who, under actual or apparent authority, or color of law, of any foreign nation ... subjects an individual to torture." *Id*., § 1350 note (a)(1). The Alien Tort Statute does not create a statutory cause of action, but rather confers jurisdiction for district courts to hear suits for violations of substantive international law. *See Sosa v. Alvarez-Machain*, 542 U.S. 692 713-14, 718-19 (2004). Pursuant to the ATCA, federal courts may "hear claims in a very limited category defined by the law of nations and recognized at common law." *Id*. at 712.[3] The Alien Tort Act requires plaintiff to plead a "violation of the law of nations" at the jurisdictional threshold, thus requiring a more searching review of the merits to establish jurisdiction than is required under 28 U.S.C. § 1331. Thus, it is not a sufficient basis for jurisdiction to plead merely a colorable violation of the law of nations. *See Kadic v. Karadzic*, 70 F.3d 232, 238 (2d Cir. 1995).. In other words, there is no jurisdiction unless there is a valid allegation of violation of the law of nations within the meaning of the statute. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d, 1252 1270 (11th Cir. 2009) (dismissing ATCA claims for lack of subject-matter jurisdiction due to failure to allege facts creating plausible entitlement to relief).

Asemani does not allege violation of "a law of nations." To the extent Asemani intends to impute the actions of the unknown guards to Defendants, the Complaint does not come close to alleging that Defendants knew of Asemani, ordered the purported detention and assault, or conspired with guards in executing the detention and beating. Simply put, there is no basis to link the deplorable treatment Asemani alleges to Defendants or to show violation of the law of nations within the meaning of the statute.

---

3272; 08-3387; 09-949; 09-999; 09-238; 09-261 and RWT- 08-347 (D. Md).
3 Indeed, *Sosa* counsels the federal courts to engage in "vigilant doorkeeping" when determining whether to recognize a cause of action under the statute. *See* 542 U.S. at 729.

### B. Jurisdiction Under 28 U.S.C. § 1331

To the extent Asemani asserts an independent basis for subject matter jurisdiction under 28 U.S.C. § 1331 over claims of international law violation, even if this Court possessed subject matter jurisdiction over this matter, there is no basis to exercise personal jurisdiction over Defendants. In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state so that requiring him to defend himself within the state "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Asemani fails to make a *prima facie* showing of *in personam* jurisdiction to satisfy due process. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers., Inc.,* 334 F.3d 390, 396 (4th Cir. 2003). He neither alleges nor demonstrates that Defendants enjoy minimal, if any, contacts with Maryland such that they should reasonably anticipate being haled into court here. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). [4]

For these reasons, the complaint will be dismissed *sua sponte* for lack of subject matter jurisdiction. A separate Order consistent with this Memorandum Opinion follows.

April 20, 2010 /s/
Date                RICHARD D. BENNETT
                    UNITED STATES DISTRICT JUDGE

---

[4] Federal Rule of Civil Procedure 4(k)(2) does not remedy the problem of *in personam* jurisdiction under the circumstances presented here. *See Mwani v. Osama bin Laden*, 417 F.3d 1, 10 (D. C. Cir. 2005).